UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HYBRID FINANCIAL LTD.,

    Plaintiff,

v.          Case No.

LIFE SPECTACULAR INC.,

    Defendant.

## COMPLAINT

Plaintiff Hybrid Financial Ltd. ("Plaintiff") sues defendant Life Spectacular Inc. ("Defendant") and states:

## NATURE OF ACTION

1. This action arises out of Defendant's failure to honor its contractual obligations to Plaintiff under a written marketing administrative agreement ("Agreement") dated January 6, 2022.

2. Pursuant to the Agreement, Defendant agreed to pay to Plaintiff an administrative fee of $300,000.00 USD ("Fee") inclusive of all costs and charges incurred in connection with performing the services.

3. Defendant refused to pay the Fee.

## PARTIES

4. Plaintiff is a corporation organized under the Canada Business Corporations Act and maintains its registered office at 222 Bay Street, Suite 2600, Toronto, Ontario M5K 1B7.

5. Plaintiff provides marketing and other services to public and private companies.

6. Defendant engaged Plaintiff to provide non-sales customer support investor relations services.

7. Defendant is a Delaware corporation and maintains its principal executive offices at 7901 4th Street N, Suite 4916, St. Petersburg, Florida 33702.

8. Defendant is a private company that develops, produces and distributes skincare products under the brand name of PROVEN Skincare.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 USD, exclusive of costs and interest, and the action is between a citizen of Florida and a citizen of Toronto, Ontario.

10. This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in the Middle District of Florida.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in the Middle District of Florida.

## FACTS

12. The parties entered into the Agreement on or about January 6, 2022. Under paragraph 1 of the Agreement, the parties agreed that marketing services would commence on January 18, 2022.

13. The term of the Agreement was fixed by the parties under paragraph 3 to commence from the first air date of the "Going Public" episode featuring Defendant for a period of 10 weeks ("Initial Period"). Paragraph 3 provided for automatic successive one-month renewal periods, unless either party provided written notice of termination to the other party at least 30 days prior to the end of the Initial Period or a renewal term.

14. In paragraph 4 and Schedule "B" of the Agreement, Defendant agreed to pay to Plaintiff an administrative fee of $300,000.00 USD. Schedule "B" provided that the Fee was payable by wire transfer or ACH on or before March 25, 2022.

15. Under paragraph 4, Plaintiff reserved the right to discontinue or suspend delivering services at any time in its discretion, including if payment of its compensation is outstanding.

16. On January 10, 2022, Plaintiff issued to Defendant Invoice #5587 for the Fee.

17. Defendant refused to pay Invoice #5587.

18. At various times after March 25, 2022, Plaintiff demanded that Defendant pay Invoice #5587.

19. On May 9, 2022, Plaintiff demanded that Defendant pay the Fee by May 16, 2022.

20. Defendant failed to comply with Plaintiff's demands for payment.

21. The parties agreed in paragraph 4 of the Agreement that Plaintiff reserved the right to claim interest, compensation, and reasonable costs of recovery of outstanding accounts.

22. All conditions precedent have been satisfied or waived.

## FIRST CLAIM
### (Breach of Contract)

23. Plaintiff re-alleges and incorporates paragraphs 1-22 of this Complaint.

24. Pursuant to the Agreement, Defendant was obligated to pay Plaintiff for marketing services.

25. Plaintiff fulfilled its obligation under the Agreement to provide marketing services to Defendant.

26. Defendant refused and continues to refuse to abide by its obligation under the Agreement to pay Plaintiff for the marketing services.

27. Defendant breached the Agreement.

28. As a result of Defendant's breach of the Agreement, Plaintiff incurred damages in the principal amount of $300,000.00 USD, plus interest, compensation, and reasonable costs of recovering the outstanding principal amount, including attorneys' fees.

## SECOND CLAIM
### (Unjust Enrichment)

29. Plaintiff re-alleges and incorporates paragraphs 1-22 of the Complaint.

30. Plaintiff rendered marketing services to Defendant and Defendant received the benefit of Plaintiff's marketing services.

31. Defendant was unjustly enriched at Plaintiff's expense.

32. It is against equity and good conscience to permit Defendant to retain the benefit of Plaintiff's marketing services.

33. Thus, Plaintiff incurred damages in the principal amount of $300,000.00 USD, plus interest, compensation, and reasonable costs of recovering the outstanding principal amount, including attorneys' fees.

### THIRD CLAIM
### (Account Stated)

34. Plaintiff re-alleges and incorporates paragraphs 1-22 of this Complaint.

35. The parties established an express agreement as to the amount of Plaintiff's compensation for marketing services.

36. Plaintiff issued to Defendant Invoice #5587 for the marketing services.

37. Plaintiff issued to Defendant electronic reminders of the outstanding invoice.

38. Defendant accepted the invoice and each invoice reminder without objection.

39. Plaintiff's Invoice No. 5587 remains outstanding.

40. Plaintiff's Invoice No. 5587, plaintiff's invoice reminders, and Defendant's conduct established an account stated for the principal amount of $300,000.00 USD, plus interest, compensation, and reasonable costs of recovering the outstanding principal amount, including attorneys' fees.

41. Thus, Plaintiff incurred damages in the principal amount of $300,000.00 USD, plus interest, compensation, and reasonable costs of recovering the outstanding principal amount, including attorneys' fees.

**WHEREFORE**, Plaintiff demands judgment against Defendant on each claim for:

A. The principal amount of $300,000.00 USD.

B. Interest, compensation, and reasonable costs of recovering the outstanding principal amount, including attorneys' fees.

C. Such other relief as the Court deems appropriate.

Dated: May 24, 2022

        AKERMAN LLP

        By: _John L. Dicks II_
          John L. Dicks II
          Florida Bar No.: 89012
          Patrick S. Brathwaite
          Florida Bar No.: 1018493
        401 E. Jackson Street, Suite 1700
        Tampa, FL  33602-5250
        Tel: (813) 223-7333
        Fax: (813) 223-2837
        Primary: john.dicks@akerman.com
        Alternate: judy.mcarthur@akerman.com
        Secondary: patrick.brathwaite@akerman.com
        Alternate: ava.hill@akerman.com

        *Attorneys for Plaintiff Hybrid Financial Ltd.*